UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ALLEN HAMMONDS, | : | CIVIL NO: 4:16-CV-02264 |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| LUZERNE COUNTY DIVISION OF CORRECTIONS, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

I. **Introduction**.

The plaintiff, Richard Allen Hammonds ("Hammonds"), has failed to notify this Court of a change of his address. After being ordered to show cause why this action should not be dismissed based upon that failure, Hammonds has not provided any explanation for his inaction. Because Hammonds failed to comply with the Local Rule and this Court's Standing Practice Order by notifying this Court of his address change, we recommend that his case be dismissed.

II. **Background and Procedural History**.

On November 9, 2016, Hammonds, proceeding *pro se*, commenced this 42 U.S.C. § 1983 claim, alleging cruel and unusual punishment, denial of medical care, deliberate indifference, failure to protect, failure to act, failure to intervene,

retaliation, and dereliction of duty. *Doc. 1*. This Court issued a Standing Practice Order on November 16, 2016, notifying Hammonds, among other things, that he has an affirmative obligation to keep this Court informed of his current address and that failure to do so might be deemed as abandonment of the lawsuit. *Doc. 6*. Hammonds filed a motion to proceed *in forma pauperis* and a request for this Court to issue two subpoenas so that he may identify the nineteen John Does in his complaint. We granted Hammonds's motion to proceed *in forma pauperis* and also his request for two subpoenas. Hammonds filed an amended complaint on February 6, 2017, which names fifty-three defendants. *Doc. 26*. The defendants then filed an answer with affirmative defenses to the amended complaint. *Doc. 33*.

We issued a case management order on March 1, 2017 (*doc. 34*), a copy of which was sent to SCI-Houtzdale, the address on record for Hammonds. This copy was returned as undeliverable on May 8, 2017, with a notation on the envelope that Hammonds was not at that facility and that he had been paroled. *Doc. 47*. We issued an order requiring Hammonds to show cause, on or before May 30, 2017, why his action should not be dismissed for his failure to keep the court informed of his address. *Doc. 48*. This order was returned as undeliverable on May 24, 2017. *Doc. 49*.

**III. Discussion**.

Local Rule 83.18 provides that parties not represented by counsel "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon." An action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). When determining whether to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984). No single factor is dispositive, *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008), and each factor need not be satisfied for the court to dismiss an action, *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003). In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

The first *Poulis* factor is the extent of the party's personal responsibility. This factor weighs in favor of dismissal because Hammonds is personally responsible for failing to comply with the Local Rule and this Court's Standing

Practice Order.  The Standing Practice Order, issued to Hammonds on November 16, 2016, specifically states that "[a] *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address.  If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing.  If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit." *Doc. 6*.  Despite this instruction, Hammonds failed to notify this Court of his new address after he was released from custody.  This Court's May 20, 2017 Order, requiring him to show cause why his action should not be dismissed, was returned as undeliverable. *Doc. 49*.  Therefore, Hammonds is personally responsible for his noncompliance with the Local Rule and the Court's Standing Practice Order.

The second *Poulis* factor is prejudice to the adversary.  The prejudice to the adversary bears substantial weight in support of a dismissal of a claim.  *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 873–74 (3d Cir.1994).  Prejudice generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874.  Here*,* Hammonds's failure to notify this Court of his address change has not yet resulted in any prejudice to the Defendants.  But without a valid address or way to contact

4

Hammonds, this case cannot move forward, and this frustrates the defendants' interest in timely resolution of the case.

The third *Poulis* factor is a history of dilatoriness. A history of dilatoriness might be found from "extensive or repeated delay or delinquency," such as "consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams,* 29 F.3d at 874; *see also Ware*, 322 F.3d at 222. Here, although Hammonds failed to notify this Court of his address change and failed to respond to the show cause order, we cannot say that such constitutes dilatory conduct.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. Under this factor, this Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams,* 29 F.3d at 875. "Willfulness involves intentional or self-serving behavior." *Id.* Bad faith is found when the conduct goes beyond mere negligence. *Emerson v. Thiel Coll.,* 296 F.3d 184, 191 (2002). Here, because Hammonds failed to respond to the show cause order, we cannot determine whether Hammonds displayed willful conduct or bad faith.

The fifth *Poulis* factor is the effectiveness of alternate sanctions. This factor weighs in favor of dismissal of the Complaint because no sanctions other than dismissal would be effective. A district court must consider the availability of

sanctions alternative to dismissal. *Poulis,* 747 F.2d at 869. But, where a plaintiff is proceeding *pro se,* and moreover, is proceeding *in forma pauperis*, no other sanction, including monetary sanction, would be an effective alternative. *Emerson,* 296 F.3d at 191. Here, Hammonds is proceeding *pro se* and *in forma pauperis*. In addition, this Court cannot even make contact with Hammonds. Thus, the only appropriate sanction is dismissal.

The sixth *Poulis* factor is the meritoriousness of the claim. A claim is meritorious, under this factor, when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. Even assuming for the sake of argument that Hammonds presented a meritorious claim, in our view, consideration of this factor cannot save Hammonds's case, since he is now wholly noncompliant with his obligations as a litigant.

In sum, the *Poulis* factors weigh in favor of dismissal. Hammonds has been released from prison, and he has abandoned this case. Because he has failed to comply with the Local Rule and this Court's standing Practice Order by failing to notify this Court of his change in his address, and because he failed to respond to the show cause order, we recommend that the Court dismiss the entire action.

**IV. Recommendation.**

As a result, **WE RECOMMEND** that Hammonds's case be **DISMISSED** and the case file **CLOSED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this 7th day of June, 2017.

                                           *S/Susan E. Schwab*
                                           Susan E. Schwab
                                           Chief United States Magistrate Judge